**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Walker, et al., | No. CV-23-01641-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| AIU Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is a discovery dispute of the parties. (Doc. 51). In short summary, in this case Plaintiff Donald Walker sued Defendants for bad faith and punitive damages for the way Defendants adjusted his workers compensation claim. Mrs. Walker has a loss of consortium claim.

The discovery dispute involves the insurance claim file in this case. Specifically, "Plaintiffs seek an Order compelling unredacted copies of 7 series of claim notes." (Doc. 51 at 1).[1] Defendants argue that all portions of the claim file that are redacted represent attorney-client privileged information. (Doc. 51). Defendants have produced a privilege

---

[1] Plaintiff failed to comply with the Order at Doc. 30 at 4, which requires,

> The party seeking relief in the joint motion must also submit a proposed form of Order. The proposed form of Order may not be generic (for example, "the motion to compel is granted" is generic). Instead the proposed form of Order must detail exactly what is being required such that a third party with no familiarity with this case could read the Order and have a complete understanding of what was ordered by the Court. Failure to submit a compliant order may result in the denial of the request.

Thus, the Court is forced to guess exactly what Plaintiffs seek.

log to support this classification of the redacted information. Although Plaintiffs have not seen the redacted information (which at some points in the parties' discovery dispute sounds like claim notes exclusively, but at other points sounds like whole documents), Plaintiffs argue based on the context of the notes that the actual "adjusting" function was delegated to the attorney. Plaintiffs further argue that "adjusting" work is not entitled to attorney-client privilege protection. (Doc. 51 at 2 (citing *Nerdig v. Electric Ins. Co.*, CV17-01859-PHX-GMS, 2018 WL 5776523, 2 (D. Ariz. 2018) ("…merely assigning an attorney to perform an ordinary insurance business function does not cloak with privilege matters that would otherwise be discoverable." (quotation and citation omitted)).

Defendants counter that the adjuster was adjusting the claim, and that all of the redacted notes genuinely represent attorney-client privileged information of the attorney giving legal advice to the adjuster. Defendants further argue that they have not asserted the defense of reliance on advice of counsel; therefore, the attorney-client privilege is not waived. (Doc. 51 at 3). Plaintiff then counters with a hybrid argument that the attorney is de facto adjusting when the adjuster relies on counsel's advice to make every decision. (Doc. 51 at 3).

Neither party disputes that, to date, Defendants are not relying on advice of counsel as a defense; therefore, the Court will not (at this time) find waiver. However, the Court will set a deadline for Defendants to either assert such a defense or waive their opportunity to do so. In other words, Defendants cannot withhold information in production or deposition(s) throughout discovery, but then pivot to an advice of counsel defense later. Therefore, the Court will set a deadline below by which Defendants must either assert an advice of counsel defense or forever waive such a defense in this case. By this deadline, Defendants must file a notice indicating either that they are asserting such a defense or permanently waiving it for this case. If Defendants decide to assert such a defense, they must produce the unredacted "seven series of claim notes" within 5 days of when the notice is filed.

Next, the Court will try to construct from the parties joint filing what the "seven

series of claim notes" entails.  The first item is defense counsel's report of April 5, 2022, Bates 87.  It is undisputed this was prepared by counsel.  Plaintiff nonetheless asserts it is a delegation to counsel of the determination of whether benefits were owed which would be adjusting.  On this record, the Court cannot determine whether this was a "delegation" of the determination of whether benefits were owed, or legal advice.

The second item in dispute is the initial hearing summary, Bates 164. Plaintiff asserts this is also delegation of a determination of whether benefits were owed.  The Court does not have enough information about this document to determine who prepared it or for what purpose.

The third item is actually three documents or notes: two communications from defense counsel on an independent medical examination and a communication from defense counsel about the wage records received, Bates 87, 99, and 164.[2]  (Doc. 51 at 2). It appears to be undisputed that these documents were prepared by counsel.  Plaintiff nonetheless asserts these documents are also a delegation of claims adjusting to counsel. On this record, the Court cannot determine whether this was a "delegation" of claims adjusting or legal advice.

The fourth disputed redaction is an email chain from February 2022, which includes input from the employer. Defendant argues that Bates 143-145 do not include "substantial" input from the employer.  The Court finds that if the employer (a third party) was copied on these emails, privilege between the adjuster and the adjuster's counsel was waived and these records must be produced.  *See Briggs v. Cnty. of Maricopa*, No. CV-18-02684-PHX-EJM, 2021 WL 1192819, at *7 (D. Ariz. Mar. 30, 2021) ("Attorney-client communications 'made in the presence of, or shared with, third-parties destroys the confidentiality of the communications and the privilege protection that is dependent upon that confidentiality.'" (quoting *Regents of Univ. of California v. Affymetrix, Inc.*, 326 F.R.D. 275, 279 (S.D. Cal. 2018)).[3]

---

[2]  The parties previously stated that Bates 164 was the initial hearing summary, so the Court is unclear as to the correct Bates number.
[3]  The general third-party waiver rule is subject to certain exceptions which have not been raised in this case. *See Accomazzo v. Kemp, ex rel. Cnty. of Maricopa*, 319 P.3d 231, 235–

Also part of the fourth disputed redaction, the Court believes Bates 146 is a "Plan of Action" that Plaintiffs argue is an adjusting function. (Doc. 51 at 3). Defendants do not respond to this specifically. On this record, the Court cannot determine why Defendants claim Bates 146 is privileged.

Fifth is Bates 150-152; the parties dispute what these are. Preliminarily, given that there is a privilege log, the Court does not understand how there can be a dispute about what the document is. Plaintiffs claim one document is notes from a "round table" discussion; Defendants say this is not true. (Doc. 51 at 3). On this record, the Court does not know what the documents are, or who prepared them; therefore, the Court does not have enough information to determine whether they are privileged.

The foregoing is a summary of the disputes outlined by the parties. The Court notes only five categories are identified, but the dispute purports to be over seven "series" of redactions.[4] Unfortunately, the parties have not presented this dispute in a way from which it can realistically be resolved. Therefore, the Court will order supplemental briefing.

To guide the parties supplemental briefing, the Court will discuss the governing law. Another Court in this district has discussed Defendants burden to establish that these documents are privileged:

> The attorney-client privilege protects confidential communications between attorneys and clients that are made for the purpose of obtaining legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "Because it impedes full and free discovery of the truth, [this privilege] is strictly construed." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). Attorney-client privilege exists:
>
>> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.
>
> *Id.* The party asserting the privilege bears the burden to establish the privileged nature of the communications sought. *Id.*; *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). "Further, the proponent has the obligation of establishing for *each and every* communication all the elements of the

---

36 ¶15 (Ariz. Ct. App. 2014).
[4] This discrepancy is why a proposed form of order detailing exactly what is being sought is so important.

privilege. There is no blanket claim of the privilege." *S. Union Co. v. Sw. Gas Corp.*, 205 F.R.D. 542, 551 (D. Ariz. 2002); *Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("blanket assertions of the privilege are extremely disfavored [and t]he privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity" (internal quotations and citation omitted)).

"A person withholding subpoenaed information under a claim that it is privileged ... must expressly make the claim and 'describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.'" *Games2U, Inc. v. Game Truck Licensing, LLC*, 2013 WL 4046655, at *5 (D. Ariz. Aug. 9, 2013) (quoting Fed. R. Civ. P. 45(d)(2)(A)); *see also* Fed. R. Civ. P. 26(b)(5)(A). As this Court noted in *Games2U, Inc.*,

> In *In re Grand Jury Investigation*, the Ninth Circuit held that a party met its burden to demonstrate the applicability of the protections by providing a privilege log that identified the following: (1) the attorney and client involved; (2) the nature of the document (i.e., letter, memorandum); (3) all persons or entities shown on the document to have received or sent the document; (4) the date the document was generated, prepared, or dated; and (5) information on the subject matter of each document.

2013 WL 4046655, at *5 (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)). The Court further stated that, "[a]lthough sufficient, this list of identifiers are neither exhaustive nor necessary to carry the burden to describe the nature of the withheld documents and enable the parties to assess the claim of privilege." *Id.*

*Briggs v. Cnty. of Maricopa*, No. CV-18-02684-PHX-EJM, 2021 WL 1192819, at *6 (D. Ariz. Mar. 30, 2021).

Because it is Defendants' burden, Defendants will be required to file a motion for a protective order. Defendants must include a copy of the privilege log (only as to the documents/notes at issue herein), which must include the five categories listed in *Games2U, Inc* and *Briggs*. Defendants must also apply the eight-part test of *Ruele* for each and every item Defendants seek to protect as required by the Court in *Briggs*.

In preparing this motion, and deciding whether to assert a defense of advice of counsel, Defendants should note that the attorney-client privilege cannot be used as a sword and a shield. For example,

> In [*State Farm Mut. Auto. Ins. Co. v. Lee,* 13 P.3d 1169, 1175 (Ariz. 2000)]*,* the Court described the advice-of-counsel defense and the scope of the resulting waiver of the attorney-client privilege with a "sword and shield metaphor." 13 P.3d at 1182. The Court explained that a litigant cannot "claim

>on the one hand that it acted reasonably because it made a legal evaluation from which it concluded that the law permitted it to act in a certain manner" and at the same time "withhold from its adversary and the factfinder information it received from counsel on that very subject and that therefore was included in its evaluation." *Id.*

*City of Glendale v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV-12-380-PHX-BSB, 2013 WL 1797308, at \*5, n. 5 (D. Ariz. Apr. 29, 2013); *see also Briggs*, 2021 WL 1192819, at \*7 n. 10 ("Further, the privilege which protects attorney-client communications may not be used both as a sword and a shield and where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992)" (cleaned up)).

Thus, Defendants are cautioned that for all items over which they prevail on their claim of privilege, they will not be allowed to use those actions to defend against a bad faith claim. In other words, if once all of the attorney's "advice" is removed, it appears no action was taken on the claim, such absence of action may support an unreasonable-delay-bad-faith claim. *See Zilisch v. State Farm Mut. Auto. Ins. Co.,* 995 P.2d 276 (Ariz. 2000). Further, the adjuster may not testify at deposition or trial that the adjuster took an action or reached a conclusion based on advice of counsel. If that means the adjuster cannot then explain the action, it may look arbitrary, which may support a bad faith claim. *Id*. Thus, Defendants must decide whether it is more important to their defense to maintain their privilege (assuming they can establish it) or have the jury know of all the activity being taken on the file. To repeat, if the privilege is maintained, Defendants may in no way use any privileged actions by counsel to aid in their defense in any way.[5]

In accordance with the foregoing,

**IT IS ORDERED** that Defendants must file a notice within 21 days of the date of this Order indicating whether they will assert or waive the defense of advice of counsel. If Defendants assert advice of counsel as a defense, Defendants must produce an unredacted

---

[5] To the extent Defendants might argue against such a limitation because counsel took important steps in reasonably investigating the claim, any such argument would support Plaintiffs' theory that the attorney was really adjusting the claim and not providing legal advice.

- 6 -

copy of the "seven series of claim notes" within 5 days of when the notice is filed.

**IT IS FURTHER ORDERED** that, for the reasons stated above, Doc. 51 is terminated as a pending motion.

**IT IS FURTHER ORDERED** that, if Defendants waive the ability to assert an advice of counsel defense and continue to maintain their claims of attorney-client privilege, Defendants must file a motion for a protective order for each note/document over which they assert the attorney-client privilege within 28 days of the date of this Order.[6] Plaintiffs must respond within seven days of Defendants' filing. Plaintiffs must include with their response a proposed form of order detailing each note/document they seek to have unredacted. Defendants may reply within 3 days of Plaintiffs' response.

Dated this 5th day of June, 2024.

James A. Teilborg
Senior United States District Judge

---

[6] The Court anticipates that the emails which included the employer will not be included in the motion for a protective order. The Court further anticipates that those unredacted emails will be disclosed within 7 days of receiving this Order.