**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Walker, et al., | No. CV-23-01641-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| AIU Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Non-Party Jardine, Baker, Hickman, & Houston, PLLC's ("JBHH") Motion to Quash for Protection and Objections to Subpoena *Duces Tecum* (Doc. 69), Donald Walker, et al.'s ("Plaintiffs") Response (Doc. 70), and AIU Insurance Company & Gallagher Bassett Services, Inc.'s ("Defendants") Reply (Doc. 71). The Court now rules on the motion.

**I.    BACKGROUND**

Plaintiff Donald Walker sued Defendants for bad faith and punitive damages regarding Defendants' adjustment of his workers' compensation claim; Plaintiff Judith Walker has a loss of consortium claim. Plaintiffs and Defendants (collectively, "the Parties") were recently engaged in a discovery dispute regarding whether certain "Claim Note Redactions" in Defendants' insurance claim file were protected by attorney-client privilege. (*See generally* Docs. 51, 54, 60, 62, 63, & 64). The Court determined the items at issue that were subject to attorney-client privilege, those that were not, and those for

which the Parties had not provided sufficient information for the Court to determine whether the privilege applied. (Doc. 72 at 6–13). In its Order dated October 1, 2024, the Court granted Defendants' Motion for Protective Order (Doc. 60) for the items falling under the scope of attorney-client privilege, required Defendants to produce to Plaintiffs items that were not privileged, and instructed the Parties to meet and confer to discuss whether the remaining redactions at issue were subject to attorney-client privilege. (*Id.* at 18).

However, yet another discovery dispute has arisen in this case, and now the subject of Parties' disagreement is a third-party subpoena. (*See generally* Docs. 69, 70, & 71). On August 9, 2024, Plaintiffs served JBHH, a non-party to this case, with a subpoena *Duces Tecum*. (Doc. 69 at 1). One of JBHH's attorney-members represented Defendant AIU Insurance Company in the workers' compensation proceedings concerning Plaintiff Donald Walker.[1] (*Id.* at 2). The subpoena requests production of "a complete copy of the file in the case of Donald Walker, including, but not limited to" seven categories of information—none of which specify a timeframe. (Doc. 65-1 at 3). Plaintiff's subpoena also dictates, "For all the materials for which you claim any form of privilege, provide a privilege [log] describing the withheld material with sufficient detail, including the subject matter of the material, so that the privilege claim can be assessed." (*Id.*)

## II. LEGAL STANDARD

A subpoena issued pursuant to Federal Rule of Civil Procedure 45 "is subject to the relevance standard of Rule 26." *Oyenik v. Corizon Health Inc.*, No. CV-1301597-PHX-SPL, 2014 WL 12787872, *1 (D. Ariz. Nov. 20, 2014) (citing Fed. R. Civ. P. 45(d) advisory committee's note to the 1970 Amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (applying both Rule 26 and Rule 45 for a ruling on a motion to quash subpoena) (additional citations omitted)). In the context of non-party subpoenas, this relevance standard is heightened. *Id.*

---

[1] Defendant Gallagher Bassett Services, Inc. served as third-party administrator of Plaintiff Walker's workers' compensation claim. (Doc. 69 at 2).

- 2 -

(citing *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The standards for nonparty discovery… require a stronger showing of relevance than for simple party discovery."). Additionally, to succeed in obtaining discovery from a non-party, "[the requesting] party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure." *Id.* (quoting *R. Prasad Indus. v. Flat Iron Env't Sols. Corp.*, 2014 WL 2804276, *2 (D. Ariz. June 20, 2014)).

The Court has the authority to quash a subpoena, "even if [the] subpoena seeks relevant information in compliance with Rule 26," if it places an undue burden on a person or requires disclosure of protected matter. *Id.*; *E.E.OC. v. Evening Entertainment Grp., L.L.C.*, No. CV 11-01870-PHX-FJM, 2012 WL 2357261, *1 (D. Ariz. June 20, 2012) (citing Fed. R. Civ. P. 45(c)(3)(A)). In general, the requesting party is entitled to discovery regarding any nonprivileged matter relevant to any claim or defense that is proportional to the needs in the case. Fed. R. Civ. P. 26(b)(1). However, this Court may, for good cause and upon motion, limit discovery to prevent the non-requesting party from "annoyance, embarrassment, oppression, or undue burden or expense." *E.E.O.C.*, 2012 WL 2357261 at *1 (quoting Fed. R. Civ. P. 26(c)(1)); *see also BBK Tobacco & Foods, LLP v. Skunk, Inc.*, No. CV-18-02332-PHX-JAT, 2020 WL 2395104, *3 (D. Ariz. May 12, 2020) ("Among the factors that can cause the burden of compliance to become undue are relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, and the particularity with which the documents are described.") (internal citation omitted). In addition, this Court, in its discretion, may limit discovery when it is available from another source in a manner that is "more convenient, less burdensome, or less expensive." *E.E.O.C.*, 2012 WL 2357261 at *1 (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)).

### III. DISCUSSION

#### A. Personal Consultation

As an initial matter, Plaintiff claims that JBHH did not attempt personal consultation with Plaintiff before filing this Motion, violating Local Rule 7.2(j). (Doc 70

at 1) (citing L.R. 7.2(j)) ("Any discovery motion brought before the Court without personal consultation with the other party and a sincere effort to resolve the matter[, and without the inclusion of a certification that such effort was attempted,] may result in sanctions.").

However, Local Rule 7.2(j)'s personal consultation requirement only applies to Parties to the case. *Games 2U, Inc. v. Game Truck Licensing, LLC*, No. MC-13-00053-PHX-GMS, 2013 WL 4046655, *2 (D. Ariz. Aug. 9, 2013) ("[T]he meet-and-confer obligation only attaches to discovery disputes between the Parties.") (citation omitted). Thus, motions to oppose subpoenas served on non-parties are not subject to the personal cosultation obligation. *Id.* As such, the Court finds that JBHH, a non-party to this case, was not required to engage in personal consultation with Plaintiffs prior to filing its Motion, nor to attach a certification that such consultation was attempted.

### B. Plaintiff's Subpoena of Non-party JBHH

JBHH and Defendants argue that Plaintiffs' subpoena seeks "documents that are not relevant" and that it is "overly broad." (Doc. 69 at 3; Doc. 71 at 5). JBHH and Defendants also assert that Plaintiffs' subpoena seeks information that is protected by attorney-client privilege and the work-product doctrine. (Doc. 69 at 3; Doc. 71 at 2). Plaintiffs maintain, conversely, that "the documents in the subpoena are relevant," and "the subpoena is deliberately limited, so as not to be burdensome." (Doc. 70 at 2) (capitalization omitted).

Here, though Plaintiff's subpoena includes a request for documents within seven enumerated categories, the request is "not limited to" these categories. (Doc. 65-1 at 3). Rather, these categories are subsumed into the subpoena's overarching request for "the *complete* file in the case of Donald Walker." (*Id.*) (emphasis added). In the Court's view, this is an overbroad blanket request that amounts to a fishing expedition. *E.E.O.C.*, 2012 WL 2357261 at *1 (citing *Lewin v. Nackard Bottling Co.,* No. CV 10-8041-PCT-FJM, 2010 WL 4607402, *1 (D. Ariz. Nov. 4, 2010) (granting motions to quash subpoenas as overbroad when the subpoenas requested plaintiff's complete personnel records from former employers); *Oyenik*, 2014 WL 12787872 at *2 (quashing a subpoena "[b]ecause Plaintiff has not limited his subpoena to certain categories of documents, [and therefore,]

Plaintiff is trying to engage in a 'fishing expedition.'")); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in fishing expeditions.") (internal citation and quotations omitted).

Moreover, because the subpoena requests "the *complete* file in the case of Donald Walker" and provides no timeframe (Doc. 65-1 at 3) (emphasis added), it would necessarily require that JBHH produce documents of questionable relevancy. *See Briggs v. Cnty. of Maricopa*, No. CV-18-02684-PHX-EJM, 2021 WL 1192819, *6 (D. Ariz. Mar. 30, 2021) ("Vague requests such as 'all communications related to' and 'all documents relating to' may yield some information pertinent to the claims and defenses at issue, but it will also lead to the production of [information and documents] that are irrelevant [to the issue]."); *Hendricks v. Total Quality Logistics*, LLC, 275 F.R.D. 251, 255–56 (S.D. Ohio 2011) (quashing as overly broad subpoenas seeking "any and all personnel documents" because although the subpoenas sought relevant information, "compliance with the subpoenas will result in defendants receiving a plethora of documents, the vast majority of which would be completely unrelated to any possible issue in this case."). As such, the Court finds Plaintiff has not shown that the requested information is relevant to any of the Parties' claims or defenses, nor is it proportional to the needs in this case, as Rule 26(b)(1) requires. *See Briggs*, 2021 WL 1192819 at *6 ("[A party] may not simply ask for everything falling into the … file basket and then peruse the documents at its leisure in hopes of finding something relevant.").

Further, as JBHH and Defendants indicate, the subpoena as written would also necessitate the production of documents under the protection of attorney-client privilege or the work-product doctrine. But Rule 45(d) permits a court to quash "a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Additionally, though Plaintiffs' subpoena contains a directive requiring JBHH to produce a privilege log "[f]or all materials for which [JBHH claims] any form of privilege," to do so for the "*complete* file" involving Plaintiff Walker's case, with no timeframe limitation, would place undue burden on JBHH. *See Ruiz*

*Fajardo Ingenieros Asociados S.A.S. v. Flow Int'l Corp.*, No. C16-1902 RAJ, 2019 WL 2492218, *1 (W.D. Wash. June 14, 2019) ("Although [Plaintiff] has requested that [Defendant] redact all privileged information contained within these records … doing so for the entirety of the … records in this long-running case would impose a substantial burden, to limited benefit.").

In addition, the Parties have previously engaged in discovery, and this Court has already addressed the issue of whether redacted items in Defendants' claim file are subject to attorney-client privilege or work-product doctrine[2] in its recent Order. (*See generally* Doc. 72). As such, any additional non-privileged documents that JBHH provides to Plaintiffs would fall into one of two categories. First would be the documents from the insurance claim file that that Defendants have already produced to Plaintiffs through previous discovery proceedings and in compliance with the Court's recent Order. (*Id.*) The Court views these documents as redundant. *See, e.g., Mountains of Spices, LLC v. Lafrenz*, No. CV-21-01497-PHX-JAT, 2023 WL 21766445, *2 (D. Ariz. Mar. 30, 2023) (citing Fed. R. Civ. P. 26(c)(i), (iii)) ("Rule 26(c) requires that a court limit the extent of discovery, including that which is obtained by a subpoena, if it 'can be obtained from some other source that is more convenient, less burdensome, or less expensive.'").

Alternatively, the documents JBHH provides would be those that Defendants are not in possession of and therefore, unaware of. This again raises the issue of relevancy. As Defendants argue, bad faith insurance claims are based on a party's knowledge, and if Defendants are not aware of or in possession of information, "it cannot be attributed to Defendants' knowledge." (Doc. 71 at 4) (quoting *Trus Joist Corp. v. Safeco Ins. Co. of America*, 735 P.2d 125, 135 (Ariz. Ct. App. 1986)) ("'Some form of <u>consciously unreasonable conduct</u> is required' to sustain a bad faith claim.") (emphasis in original). The Court agrees with Defendants' reasoning. *See Mountains of Spices*, 2023 WL 217466445 at *2 (citing Fed. R. Civ. P. 26(b)(1)) ("Rule 26(b)(1) … broadly permits 'discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and

---

[2] The Court found that Defendants waived work-product protection for the items of communication at issue. (Doc. 72 at 16).

- 6 -

1  *proportional* to the needs of the case.'"). As discussed previously, for non-party subpoenas, the relevance standard is heightened. *Id.* (citing *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The standards for nonparty discovery… require a stronger showing of relevance than for simple party discovery."). Thus, the Court finds that information irrelevant to Plaintiffs' claim of bad faith is not subject to discovery.

Plaintiffs state in their Response that they "are willing to limit [a portion of the subpoena] upon consultation with [JBHH]." (Doc. 70 at 5). However, Plaintiffs make no such offer in the text of their subpoena (*see generally* Doc. 65-1), and the Court will not accept the offer as an addendum after the fact. *See Games 2U, Inc.*, 2013 WL 4046655 at *3 ("[The Plaintiff does not provide] such limiting language … in the subpoena and the Court will not accept post-hoc characterizations of the subpoena."); *BBK Tobacco*, 2020 WL 2395104 at *3 ("Plaintiff insists that it seeks only [certain types of documents, but] the words in the subpoena speak for themselves and they tell a different story…. [One] cannot be expected to divine that … instead of 'any document,' the subpoena actually requests a more limited class of documents.").

Furthermore, in the Court's estimation, by making the offer to limit the subpoena upon consultation, Plaintiffs are essentially confirming that at face value, their subpoena is proportionately overbroad compared with their need for the documents, does not exhibit particularity, and would require JBHH to produce items of dubious relevance. *See BBK Tobacco*, 2020 WL 2395104 at *3. These factors, in aggregate, weigh greatly toward quashal. *See id.* (finding the same for items in a subpoena requesting "'any document or business record' containing the information that Plaintiff seeks."); *Lewin*, 2010 WL 4607402 at *1 (granting motion to quash subpoena where requesting party requested all documents and did not limit request to certain kinds of documents).

For the foregoing reasons,

/ / /

/ / /

/ / /

**IT IS ORDERED THAT** Non-party JBHH's Motion to Quash for Protection and Objections to Subpoena *Duces Tecum* (Doc. 69) is **GRANTED**.

Dated this 29th day of October, 2024.

James A. Teilborg
Senior United States District Judge