**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Walker, et al., | No. CV-23-01641-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| AIU Insurance Company and Gallagher Bassett Services Incorporated, | |
| Defendants. | |

Pending before the Court is a motion to seal. Plaintiffs filed, unsealed and redacted, responses to two pending motions for summary judgment. (Docs. 122 and 123). Plaintiffs lodged unredacted versions of those same responses. (Doc. 120 and 121). Plaintiffs filed a notice (Doc. 119) basically indicating that the items Plaintiffs redacted are items Defendants marked as confidential during discovery, but that Plaintiffs do not believe should be filed under seal.

Defendants filed a motion to seal. (Doc. 127). The motion begins by complaining that Plaintiffs did not file the motion to seal. However, the protective order makes clear that whoever marked the document as confidential bears the burden of moving to seal it. (Doc. 37 at 4 n.1[1]). As the "marking party" (i.e. the party who marked the documents as

---

[1] The footnote in the protective order states:
The Court notes that in the event a party wants to use the other party's confidential designations to support or oppose a motion, the provisions of this paragraph would shift the burden to that party (the one wanting to use the confidential information) to make the "compelling reasons" showing. Because this is inconsistent with the cases cited, a non-marking party must advise the marking party of the intended use at least 5 days before the document(s) will be filed and the marking party must file a motion to seal the same day the documents are filed.

1    confidential), it was Defendants' burden to file the motion to seal, and the currently
2    pending motion to seal is late. Any other result is nonsensical because Plaintiffs cannot be
3    tasked with showing "compelling reasons" to seal documents that Defendants marked as
4    confidential which Plaintiffs argue should not be sealed. Plaintiffs have fully complied
5    with the protective order, and Defendants complaints are not well founded.

6        Next, Defendants' motion to seal argues that Plaintiffs do not need the documents
7    to oppose summary judgment. Such argument is irrelevant to whether the documents
8    should be sealed, and the Court will not consider it.

9        Next, Defendants make a merits argument that the agreement between Gallagher
10   and non-party Cemex should be sealed. (Doc. 127 at 4). This is Defendants' only
11   argument.

12       Plaintiffs have redacted 13 specific things from the text of Docs. 122 and 123 in
13   addition to multiple exhibits. Plaintiffs' summary of what has been redacted suggests it is
14   more than language from the Gallagher/Cemex agreement. Specifically, Plaintiffs state
15   they have sealed: Ex. A-001, 002 (Bates Nos. DEF 002703, 002691), Ex. C-001, 003, 004,
16   005, 007, 011, 014 (Bates Nos. DEF 000007, 000024, 000025, 000026, 000032, 000018,
17   000025, 000076) and Plaintiffs' responses to Docs 105 and 106. (Doc. 119). Plaintiffs
18   state that "Ex. A (only) is the first and last pages of the third-party administrator services
19   agreement." (Doc. 119 at 2). Consistent with the foregoing, in their correspondence with
20   Defendants, Plaintiffs state that they seek to file: "1. Two pages, the first and last, of the
21   TPA agreement with Cemex: DEF 02691, 02703; 2. Claim Note Pages: DEF 007, 024-26,
22   032, 018, 025, 076 …; 3. The following pages from Ms. Peters deposition: 70, 142-143,
23   174-175, 188, 190, 194-196."

24       Defendants' motion to seal is wholly inadequate. It completely fails to address the
25   claim notes, or the Peters' deposition. Additionally, the arguments regarding the agreement
26   between Gallagher and Cemex are premised on the entire agreement being filed; not the
27   first and last pages only. Thus, Defendants have not moved to seal anything Plaintiffs seek
28   to file.

Moreover, the motion fails to make a particularized showing of why specific information and each exhibit must be sealed. *See San Jose Mercury News, Inc. v. U.S. District Court - - Northern District (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1183–84 (9th Cir. 2006) (holding that generalized statements supporting sealing are inadequate; a party must articulate specific facts to justify sealing, and must do so with respect to each item sought to be sealed).

Accordingly,

**IT IS ORDERED** that the motion to seal (Doc. 127) is denied. The Court will unseal Docs. 120 and 121 by separate Order.

Dated this 28th day of July, 2025.

_____
James A. Teilborg
Senior United States District Judge