**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Walker, et al., | No. CV-23-01641-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| AIU Insurance Company, | |
| Defendant. | |

On March 21, 2025, Plaintiffs filed a Motion to Strike Testimony of Non-Retained Experts Dr. Gendy and Dr. Zoltan. (Doc. 108). Therein, Plaintiffs argued that AIU (1) improperly disclosed Dr. Zoltan, an IME physician, as a non-retained expert, and (2) disclosed no basis for Dr. Zoltan's opinion that "any delay in [Mr. Walker's] surgery or continued/increased pain did not cause any additional damage or impairment." (Doc. 108 at 2, 5).

Plaintiffs did not seek to exclude *all* of Dr. Zoltan's testimony—rather, Plaintiffs asked that Dr. Zoltan be precluded from opining that the surgical delay did not cause Mr. Walker additional harm because Dr. Zoltan lacks foundation to form that opinion. (Doc. 117 at 7). Plaintiffs argued that because Dr. Zoltan's opinion should be precluded on that basis, "[t]he question of whether an underlying IME physician may be a non-retained expert, under Rule 26(a)(2)(C), is mooted." (Doc. 108 at 5). In the Court's August 29, 2025 Order, the Court granted Plaintiffs' motion to partially preclude Dr. Zoltan's testimony and accepted Plaintiff's conclusion that the issue of whether an IME doctor can ever be a non-

retained expert is moot. (Doc. 136 at 10). The Court left open the question of whether retaining an IME doctor in a workers' compensation proceeding could, by definition, make that doctor a "retained expert" in a bad faith action. (Doc. 136 at 10).

Plaintiffs did not move to preclude Dr. Zoltan through a motion in limine. Plaintiffs shall advise the Court whether they intend to object to Dr. Zoltan's testimony at trial, and if so, on what grounds.

**IT IS ORDERED** that Plaintiffs shall, by Thursday, February 19, 2026, file a brief—limited to 5 pages—advising the Court about Plaintiff's intent to object to Dr. Zoltan's testimony, the specific objections Plaintiffs plan to raise, if any, and the grounds supporting those objections.

**IT IS ORDERED** that, in the event Plaintiffs plan to object to Dr. Zoltan, Defendant AIU shall, by Thursday, February 26, 2026, file a response—limited to 5 pages—addressing Plaintiffs' objections.

Dated this 12th day of February, 2026.

James A. Teilborg
Senior United States District Judge